# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 16-15883 MER |
| CABLE SETH WILLFORD | ) | |
| MEGAN LEAH WILLFORD | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| JARED WALTERS, | ) | Adversary Proceeding No. |
| Chapter 7 Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| CAPITAL ONE, NATIONAL | ) | |
| ASSOCIATION dba CAPITAL ONE | ) | |
| AUTO FINANCE, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Jared Walters, Chapter 7 Trustee, by and through his counsel, Sender Wasserman Wadsworth, P.C., for his Complaint, states and alleges as follows:

### JURISDICTION AND VENUE

1.      The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and (e).

2.      This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (K).

3.      Venue in this district is proper under 28 U.S.C. § 1409(a).

4.      This adversary proceeding is commenced pursuant to Rule 7001(1) and (2) of the Federal Rules of Bankruptcy Procedure.

## GENERAL ALLEGATIONS

5.      Plaintiff Jared Walters (the "Trustee") is the duly appointed Chapter 7 trustee of the bankruptcy estate of Cable Seth Willford and Megan Leah Willford (together, the "Debtors"), case number 16-15883 MER.

6.      Defendant Capital One, National Association dba Capital One Auto Finance ("Capital One") is a nationally chartered bank with its headquarters located at 1680 Capital One Drive, McLean, Virginia 22102.

7.      Debtors filed for relief under Chapter 7 of the United States Bankruptcy Code on June 14, 2016 (the "Petition Date").

8.      According to Debtors' Schedule D, on or about April 18, 2015, Debtor Cable Seth Willford ("Mr. Willford") purchased and, upon information and belief, received possession of a 2013 Yamaha snowmobile, VIN JYE8HR007DA006288 (the "Snowmobile").

9.      Mr. Willford financed the purchase of the Snowmobile with a loan from Capital One.

10.     Upon information and belief, to secure the Mr. Willford's repayment obligations, Mr. Willford granted Capital One a security interest in the Snowmobile on or about April 18, 2015.

11.     The Snowmobile is an "Off-highway Vehicle" pursuant to C.R.S. § 42-6-102(11.5)(b) and is therefore subject to the certificate of title requirements of Title 42 of Colorado Revised Statutes.

12.     Pursuant to C.R.S. § 42-6-121(5), the lien on the Snowmobile shall be deemed perfected pursuant to C.R.S. § 42-6-120 when all necessary documents for recording the lien are received by the authorized agent and payment is tendered to note the lien.

13.     However, pursuant to C.R.S. § 42-6-120, a mortgage lien against the Snowmobile is not effective as a lien against the "rights of third persons, purchasers for value without notice, mortgagees, or creditors of the owner" unless the lien is filed for public record and the fact of filing is noted on the owner's certificate of title.

14.     On the Petition Date, the State of Colorado had not issued a Certificate of Title for the Snowmobile reflecting Capital One's lien.

15.     Upon the filing of the bankruptcy petition, the Debtor's interest in the Snowmobile became property of the estate.

## FIRST CLAIM FOR RELIEF
### (Avoidable transfer under 11 U.S.C. § 544)

16.     The Trustee incorporates by this reference the allegations contained in Paragraphs 1 through 15 above as though more fully set forth in this First Claim for Relief.

17.     The grant of the security interest from Mr. Willford to Capital One was a transfer within the meaning of 11 U.S.C. § 101(54)(D) (the "Transfer").

18.     Under 11 U.S.C. § 544(a), the Trustee has, as of the commencement of the case, "the rights and powers of, or may avoid any transfer of property of the debtor . . . that is voidable by" (1) a judgment lien creditor and (2) an execution lien creditor.

19.     On the Petition Date, Capital One's security interest in the Snowmobile was unperfected.

20.     As of the Petition Date, a judgment lien creditor and/or an execution lien creditor would have the right and power to avoid the Transfer.

21.     The Transfer is therefore avoidable by the Trustee pursuant to the hypothetical strong-arm powers conferred under 11 U.S.C. § 544(a)(1) and (a)(2).

WHEREFORE, the Trustee respectfully requests that the Court enter judgment in his favor and against Capital One avoiding the Transfer pursuant to 11 U.S.C. § 544(a), and granting such other relief as the Court deems appropriate.

## SECOND CLAIM FOR RELIEF
### (Preservation of lien under 11 U.S.C. § 551)

22.     The Trustee incorporates by this reference the allegations contained in Paragraphs 1 through 21 above as though more fully set forth in this Second Claim for Relief.

23.     If the lien is avoided pursuant to 11 U.S.C. § 544(a), the lien becomes property of the estate.

24.     The Trustee therefore seeks a determination that the avoided Transfer is preserved for the benefit of the estate pursuant to 11 U.S.C. § 551.

WHEREFORE, the Trustee requests that the Court enter judgment in his favor and against Capital One (a) preserving Capital One's avoided lien for the benefit of the estate pursuant to 11 U.S.C. § 551; (b) compelling Capital One to assign the lien against the Snowmobile to the Trustee; and (c) granting such other relief as the Court deems appropriate.

## THIRD CLAIM FOR RELIEF
### (Recovery of value of avoided lien pursuant to 11 U.S.C. § 550(a))

25.      The Trustee incorporates by this reference the allegations contained in Paragraphs 1 through 24 above as though more fully set forth in this Third Claim for Relief.

26.      If the Transfer is avoided pursuant to 11 U.S.C. § 544(a), the Trustee may recover the avoided lien or the value thereof from Capital One pursuant to 11 U.S.C. § 550(a).  The purpose of § 550(a) is to "restore the estate to the financial condition it would have enjoyed if the transfer had not occurred."  *In re Classic Drywall, Inc.*, 127 B.R. 874, 876 (D.Kan. 1991).

27.      While the Court has discretion over which remedy to award, "there are circumstances in which avoiding and preserving a lien under § 551 may not suffice to put the estate back to its pre-petition position."  *Rodriguez v. Daimlerchrysler Fin. Servs. Ams. (In re Bremer)*, 408 B.R. 355, 360 (10th Cir. BAP 2009) *aff'd Rodriguez v. Drive Financial Serv. (In re Trout)*, 609 F.3d 1106 (10th Cir. 2010).  An award of the transferred property's value, rather than the property itself, is appropriate "[w]here the property is unrecoverable or its value diminished by conversion or depreciation."  *Bremer*, 408 B.R. at 360.

28.      Here, awarding the estate the value of the avoided lien is the only means of restoring the estate to the financial condition it would have enjoyed if the transfer was not made because the Snowmobile is a depreciating asset.

29.      If the Trustee were to obtain only the "property transferred," the Trustee would incur additional fees and expenses in recovering and selling the Snowmobile.  The costs of sale alone would be at least 10% of the sale price.  *See In re Int'l Ski Serv., Inc.*, 119 B.R. at 658 (awarding value where the "recovery of the estate will be enlarged by eliminating both the expenses of administering a sale and the risk of obtaining a lower price at the sale").

30.      The value of an avoided lien is measured by the lesser of (a) the value of the Snowmobile on the Petition Date or (b) the indebtedness owed Capital One on the Petition Date. *See Morris v. St. John National Bank (In re Haberman)*, 347 B.R. 411, 417 (10th Cir. BAP 2006) (avoided lien "to be valued at the amount of the Bank's debt on the petition date, limited by the value of the collateral on that date") *aff'd* 516 F.3d 1207 (10th Cir. 2008).

WHEREFORE, the Trustee respectfully requests that the Court enter judgment in his favor and against Capital One pursuant to 11 U.S.C. § 550(a), (a) awarding the Trustee the value of the avoided lien on the Petition Date, in an amount to be determined at trial, and (b) granting such other relief as the Court deems appropriate.

### FOURTH CLAIM FOR RELIEF
### (Avoidable transfers under 11 U.S.C. § 547(b))

31.     The Trustee incorporates by this reference the allegations contained in Paragraphs 1 through 30 above as though more fully set forth in this Fourth Claim for Relief.

32.     Upon information and belief, Mr. Willford made payments to Capital One in the 90 days before the Petition Date on account of the Snowmobile loan.

33.     All payments made by Mr. Willford to Capital One in the 90 days before the Petition Date are avoidable under 11 U.S.C. § 547(b) because the following elements are met:

       a.    The pre-petition payments were made to or for the benefit of Capital One, a creditor of Mr. Willford;

       b.    The pre-petition payments were made on account of an antecedent debt owed by Mr. Willford before the payments were made;

       c.    The pre-petition payments were made while Mr. Willford was insolvent;

       d.    The pre-petition payments were made on or within 90 days of the Petition Date;

       e.    The pre-petition payments enabled Capital One to receive more than Capital One would have received in the Debtor's Chapter 7 case if the payments had not been made and Capital One received payment of the debt to the extent provided by the provisions of the Bankruptcy Code.

34.     The Trustee is therefore entitled to recover, for the benefit of the estate, the pre-petition payments made by the Debtor to Capital One.

WHEREFORE, the Trustee requests that the Court enter judgment in his favor and against Capital One for (a) avoidance of the pre-petition payments made by Mr. Willford to Capital One in an amount to be proven at trial pursuant to 11 U.S.C. § 547(b); (b) recovery of said payments from Capital One pursuant to 11 U.S.C. § 550; and (c) granting such other relief as the Court deems appropriate.

Dated this 2nd day of November, 2016.

Respectfully submitted,

SENDER WASSERMAN WADSWORTH, P.C.

/s/ Aaron J. Conrardy
David V. Wadsworth, #32066
Aaron J. Conrardy, #40030
1660 Lincoln Street, Suite 2200
Denver, Colorado  80264
303-296-1999 / 303-296-7600 FAX
dwadsworth@sww-legal.com
aconrardy@sww-legal.com
Attorneys for the Plaintiff/Chapter 7 Trustee